## IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MISSOURI
## WESTERN DIVISION

| | | |
|---|---|---|
| **MOHAMAD FARAH, individually and on behalf of similarly situated persons,** | ) ) ) | |
| **Plaintiff,** | ) ) | |
| **v.** | ) ) | **Case No. 4:20-cv-00578-RK** |
| **LOGISTICARE SOLUTIONS, LLC,** | ) ) ) | |
| **Defendant.** | ) | |

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S AMENDED COLLECTIVE AND CLASS ACTION COMPLAINT

Defendant ModivCare Solutions, LLC f/k/a LogistiCare Solutions, LLC[1] ("Defendant"), by and through its attorneys, answers Plaintiff's Amended Collective and Class Action Complaint ("Complaint") as follows:

### INTRODUCTION

1.     Despite Defendant labelling its transportation providers "independent contractors," the law looks to the economic reality of the relationship and not the label placed on the workers. *See Schwieger v. Farm Bureau Ins. Co. of Neb.*, 207 F.3d 480, 484 (8th Cir. 2000). And here, the reality is that Plaintiff and the Class are employees under the law, and Defendant, as their employer, is required to ensure they are properly paid.

**ANSWER:  The first sentence of Paragraph 1 contains legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the first sentence of Paragraph 1, and further denies all remaining allegations set forth in Paragraph 1.**

---

[1]  LogistiCare Solutions, LLC has just recently changed its named to ModivCare Solutions, LLC. Defendant will separately file a motion to substitute ModivCare Solutions, LLC, f/k/a LogistiCare Solutions, LLC, as the properly named defendant and to change the case caption to reflect Defendant's new name.

2.    Plaintiff brings this case as a collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq*; and as a class action under the Missouri Minimum Wage Law ("MMWL"), R.S.Mo. §§ 290.500 *et seq*, and common law to recover unpaid minimum wages, unpaid time and overtime, improper deductions, and compensatory and liquidated damages owed to himself and similarly situated transportation providers employed by Defendant.

**ANSWER: Defendant admits Plaintiff purports to bring this action as a collective and class action on behalf of himself and a proposed class. Defendant denies that collective or class treatment of Plaintiff's claims is proper and denies that Plaintiff and/or the individuals he purports to represent are entitled to any relief whatsoever in this action. Except as expressly admitted herein, Defendant denies the remaining allegations in Paragraph 2.**

**PARTIES**

3.    Plaintiff Mohamad Farah is a resident of Overland Park, Johnson County, Kansas, and was employed by Defendant as a transportation provider (despite being misclassified as an independent contractor) from approximately 2009 to early 2019. During almost all his time working for Defendant, Mr. Farah was a resident of Kansas City, Jackson County, Missouri - from approximately 2010 through August 2019. He regularly transported patients in Missouri and Kansas for Defendant (and he was even asked by Defendant to transport a patient in Oklahoma). Mr. Farah's consent to pursue his claims under the FLSA is attached hereto as Exhibit 1.

**ANSWER: Defendant lacks sufficient knowledge or information to admit or deny where Plaintiff currently resides or formerly resided, and therefore, denies those allegations. Defendant admits Exhibit 1 attached to Plaintiff's Complaint speaks for itself, but denies all remaining allegations set forth in Paragraph 3.**

4.      Defendant LogistiCare Solutions, LLC is a Delaware corporation with its principal place of business in Atlanta, Georgia.

**ANSWER:  Defendant admits it is a limited liability company organized under the laws of the State of Delaware, with its principal place of business in Atlanta, Georgia.**

<u>JURISDICTION AND VENUE</u>

5.      The FLSA authorizes court actions by private parties to recover damages for violations of its wage and hour provisions. Jurisdiction over Plaintiff's FLSA claim is based on 29 U.S.C. § 216(b) and 28 U.S.C. § 1331 (federal question).

**ANSWER:  The allegations in Paragraph 5 contain legal conclusions to which no response is required.  To the extent a response is required, Defendant states the FLSA speaks for itself.  Defendant further denies this Court has jurisdiction over the subject matter of Plaintiff's claims because Plaintiff's business entity and other Transportation Providers executed agreements with Defendant containing enforceable arbitration provisions.**

6.      The MMWL authorizes court actions by private parties to recover damages for violations of its provisions. Jurisdiction over Plaintiff's MMWL and common law claims are based on 28 U.S.C. § 1367 (pendent claims).

**ANSWER:  The allegations in Paragraph 6 contain legal conclusions to which no response is required.  To the extent a response is required, Defendant states the MMWL speaks for itself.  Defendant further denies this Court has jurisdiction over the subject matter of Plaintiff's claims because Plaintiff's business entity and other Transportation Providers executed agreements with Defendant containing enforceable arbitration provisions.**

7.      Venue is proper in this District under 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to claims occurred and/or emanated from this District.

Specifically, Defendant engaged in substantial business here. Defendant is hired by Missouri and/or medical care organizations in the State to provide required non-emergency medical transportation, and it employs transportation providers in this District to perform these services for Missouri residents, including residents of this District. Moreover, Defendant's wrongful conduct (as described herein) foreseeably affects workers in Missouri.

**ANSWER: The allegations set forth in the first two sentences of Paragraph 7 contain legal conclusions to which no response is required. To the extent a response is required, Defendant denies those allegations. Defendant further denies venue is proper in this Court because Plaintiff and the other individuals he seeks to represent executed agreements containing enforceable arbitration provisions. Defendant admits it contracts with Transportation Providers to transport patients in Missouri to and from medical appointments, but denies the remainder of the allegations contained in Paragraph 7.**

## FACTUAL ALLEGATIONS

8.     Defendant is the largest provider of non-emergency medical transportation services in the United States.

**ANSWER: Upon information and belief, Defendant admits it is currently the largest provider of non-emergency medical transportation services in the United States.**

9.     Defendant provides non-emergency medical transportation across the country. It has operations in 49 states, including Missouri.

**ANSWER:  Defendant generally admits it provides non-emergency medical transportation services across the country, including Missouri.**

10.     Defendant is hired by states and medical care organizations to provide required non-emergency medical transportation.

4

**ANSWER:  Defendant admits it contracts with states and medical care organizations to provide required non-emergency medical transportation.  Defendant denies any remaining allegations in Paragraph 10.**

11.     Defendant provides approximately 65,000,000 medical transportations for approximately 24,000,000 patients each year nationwide.

**ANSWER:  Defendant cannot reasonably admit or deny the allegations set forth in Paragraph 11 since Plaintiff fails to identify any specific year.  Defendant's scope of operations varies on an annual basis.  To the extent a response is required, Defendant denies the allegations in Paragraph 11.**

12.     To accomplish this, Defendant employs transportation providers across the country, including in Missouri, to provide these medical transportation services.

**ANSWER:  Defendant admits it contracts with Transportation Providers to provide non-emergency medical transportation services in various states across the country. Defendant denies it "employs" Transportation Providers, and further states most of the Transportation Providers it contracts with are business entities that cannot be "employees" of Defendant as a matter of law.  Defendant denies any remaining allegations in Paragraph 12.**

13.     Defendant has more than 5,500 transportation providers nationwide.

**ANSWER:  Defendant cannot reasonably admit or deny the allegations set forth in Paragraph 13 since Plaintiff fails to identify any specific year.  At any given time, the number of Transportation Providers performing services for Defendant through individuals hired and/or contracted with by the specific Transportation Provider varies.**

5

14.     Defendant's transportation providers all have the same primary job duty of transporting patients to and from medical appointments.

**ANSWER:  Defendant admits it contracts with Transportation Providers to transport patients to and from medical appointments, of which most are business entities that in turn hire and/or contract with individuals to provide medical transportation services.  Defendant denies the remaining allegations set forth in Paragraph 14.**

15.     The services performed by Defendant's transportation providers include picking patients up at their home, transporting them to their doctor, and returning them home.

**ANSWER:  Defendant admits it contracts with Transportation Providers who in turn hire and/or contract with individuals to transport patients to and from medical appointments, which might include picking patients up at their home, transporting them to their doctor, and returning them home. Defendant denies the remaining allegations set forth in Paragraph 15.**

16.     The work of the transportation providers is of such a scope and nature that they are engaged in interstate commerce.

**ANSWER:  Defendant denies the allegations set forth in Paragraph 16.**

17.     Defendant's transportation providers regularly cross state lines when providing medical transportation services.

**ANSWER:  Defendant denies the allegations set forth in Paragraph 17.**

18.     Further, transportation providers and their employers, like Defendant, receive and utilize funds received by states through the national Medicare program to ensure that millions of individuals who cannot get to their own medical appointment due to health or finances receive important medical care.

**ANSWER: Defendant denies it employed Transportation Providers. Defendant admits Medicare is one payor of the transportation services that Defendant coordinates. Defendant denies any remaining allegations in Paragraph 18.**

19.     The U.S. healthcare transportation services market, of which Defendant is a significant part, was estimated to be approximately $21,820,000,000.00 in 2017 and is expected to reach approximately $31,000,000,000.00 by 2026. https://www.globenewswire.com/news-release/2018/10/24/1626157/0/en/Healthcare-Transportation-Services-Market-in-U-S-WillReach-USD-31-51-Billion-By-2026-Zion-Market-Research.html.

**ANSWER: Defendant states the cited website speaks for itself, but all averments or characterizations of fact concerning the referenced website are denied. Defendant denies any remaining allegations set forth in Paragraph 19.**

20.     Defendant oversees transportation services for tens of millions of eligible members of Medicaid, Medicare, and commercial health plans.

**ANSWER: Defendant admits it facilitates transportation services for tens of millions of eligible members of Medicaid, Medicare, and health plans. Defendant denies any remaining allegations set forth in Paragraph 20.**

21.     Based on these numbers, the transportation providers have a substantial impact on the national healthcare industry.

**ANSWER: Defendant admits it contracts with Transportation Providers who in turn hire and/or contract with individuals that provide non-emergency medical transportation services in various states across the country. Defendant denies any remaining allegations set forth in Paragraph 21, and specifically denies Plaintiff's conclusory allegations that Transportation Providers have a "substantial impact" on the national healthcare industry.**

7

## Defendant's Scheme

22.      Defendant has a policy of contracting with transportation providers, knowingly misclassifying them as independent contractors, failing to pay them the statutorily required minimum wages, time and overtime, and making them incur substantial expenses for the primary benefit of Defendant. (Plaintiff and similarly situated transportation drivers, as defined below, are collectively referred to as "Plaintiffs" and "Class Members").

**ANSWER:  Defendant denies the allegations set forth in Paragraph 22.**

23.      Even though Defendant acts as Plaintiffs' employer, it benefits greatly by misclassifying them as independent contractors.

**ANSWER:  Defendant denies the allegations set forth in Paragraph 23.**

24.      Defendant operates a scheme to treat Plaintiffs as independent contractors and shift its business expenses to its employees.

**ANSWER:  Defendant denies the allegations set forth in Paragraph 24.**

25.      Defendant requires Plaintiffs to maintain and pay for safe, legally operable, and insured automobiles when transporting patients.

**ANSWER:   Defendant denies the allegations set forth in Paragraph 25.**

26.      They incur costs for gasoline, automobile parts and fluids, repair and maintenance services, insurance, depreciation, and other automobile expenses while transporting patients for the primary benefit of Defendant.

**ANSWER:  Defendant denies the allegations set forth in Paragraph 26.**

27.      Plaintiffs also incur costs for required safety equipment, workers' compensation, payroll taxes, and accounting and legal services in order to transport patients for the primary benefit of Defendant.

**ANSWER:  Defendant denies the allegations set forth in Paragraph 27.**

28.     By treating Plaintiffs as independent contractors instead of employees, Defendant has engaged, and continues to engage, in a scheme to avoid paying them worker's compensation, unemployment, social security, payroll taxes owed by employers, and other benefits owed to employees.

**ANSWER:  Defendant denies the allegations set forth in Paragraph 28.**

29.     Defendant has also attempted, and continues to attempt, to avoid liability under wage protection statutes, federal labor laws, Title VII of the Civil Rights Act of 1964, the Equal Pay Act, the Age Discrimination in Employment Act, the Americans with Disabilities Act (with amendments), and other statutes.

**ANSWER:  Defendant denies the allegations set forth in Paragraph 29.**

30.     Defendant has shifted, and continues to shift, the cost of its business expenses to its employees. By doing so, Defendant is able to obtain a competitive advantage over competitors that treat employees in compliance with the law.

**ANSWER:  Defendant denies the allegations set forth in Paragraph 30.**

31.     Defendant's pay practices drive down wages and undercut fair labor practices across the industry.

**ANSWER:  Defendant denies the allegations set forth in Paragraph 31.**

32.     In addition, Defendant has been unjustly enriched by these practices.

**ANSWER:   Defendant denies the allegations set forth in Paragraph 32.**

**Plaintiffs Are Defendant's Employees**

33.     Despite classifying them as independent contractors, Defendant treats Plaintiffs like employees.

9

**ANSWER:  Defendant denies the allegations set forth in Paragraph 33.**

34.     Plaintiffs are legally the employees of Defendant for numerous reasons, including, but not limited to:

a.      Defendant controls Plaintiffs' work by, among other things:

　　i.      Screening drivers and vehicles used to provide medical transportation services;

　　ii.     Setting "minimum" qualifications for transportation providers including, but not limited to, age, health standards, and competition of background checks and drug screens;

　　iii.    Requiring transportation providers to sign agreements that contain numerous mandatory terms they are required to comply with to maintain their employment;

　　iv.     Inspecting transportation providers' records and qualifications on at least an annual basis; and

　　v.      Establishing standards of conduct for transportation providers, which include wearing a nametag, providing personal assistance to transportees as required by their physical condition, following directives about where to park when picking up or dropping off, announcing their arrival, and addressing behavioral issues that arise during transportation;

b.      Defendant provides detailed instructions to Plaintiffs about how to perform their jobs by, among other things:

　　i.      Setting rules regarding providing transportation services;

　　ii.     Mandating the type of vehicles that can be used;

10

iii.      Requiring vehicles to have running boards, heating and cooling, and a device capable of engaging in two-way communications;

iv.      Requiring vehicles to have a minimum floor-to-ceiling height clearance, an engine-wheelchair life interlock system, and a wheelchair securement device to qualify as a wheelchair vehicle;

v.      Mandating the type and level of insurance that transportation providers must maintain;

vi.      Calling transportation providers 24 hours before service is needed;

vii.      Mandating door-to-door or curb-to-curb assistance;

viii.      Requiring collection of payments or co-payments when applicable;

ix.      Setting rules for passengers; and

x.      Establishing guidelines for compliance, ethics, fraud, waste, abuse and HIPAA;

c.      Defendant requires Plaintiffs to undergo training, including, but not limited to:

i.      safety, driver training, and passenger assistance courses; and

ii.      an annual training program that takes several days to complete;

d.      Plaintiffs' services are integrated into Defendant's business operations, i.e., Defendant is hired by states and medical care organizations to provide non-emergency medical transportation, and Defendant hires Plaintiffs to provide medical transportation services;

e.      Plaintiffs render their services personally since Defendant:

i.      Requires them to provide an appropriate level of assistance to patients when requested or when required by their physical condition;

      ii.     Requires them to provide physical support or assistance and oral directions to patients; and

      iii.    Requires that Plaintiffs can only utilize their own leased or owned vehicles and not sublet, subcontract or arrange for transportation from a third party;

f    Defendant requires set hours of work dedicated to the timing of the trips;

g.    Plaintiffs are required to perform trips assigned on a daily basis and not reroute more than 15% of their trips on a monthly basis;

h.    Plaintiffs have a continuing relationship with Defendant since they provide medical transportation services for Defendant on an ongoing basis and at the pleasure of Defendant;

i.    Defendant punishes Plaintiffs if they decline a ride by assigning them fewer rides;

j.    Plaintiffs' work schedule is reliant on the timing of trips dictated by Defendant's computerized trip assignment system;

k.    Plaintiffs are required to provide round trip services to riders such that after taking a rider to an appointment, Plaintiffs may not perform other work that could interfere with their availability to return the rider home;

1.    Defendant monitors Plaintiffs' work via random curbside check-ins;

m.    Defendant requires Plaintiffs' vehicle license number and Defendant's toll-free and local number be prominently displayed in each vehicle along with Defendant's complaint procedures;

n.    Plaintiffs are required to perform their services in the order or sequence set by Defendant;

o.      Defendant sets the timing of pickups and drop-offs, and can take remedial action in the event of late arrivals;

p.      Plaintiffs are required to submit reports to Defendant, including daily trip logs that contain the name of the patients that were transported, the signature of the patients, a no-show indicator when applicable, arrival time at the place of pick-up and drop-off, the names of any attendees, the signatures of any attendees, and other relevant information;

q.      Defendant mandates that Plaintiffs maintain business records, including information regarding their registration with applicable state agencies, vehicle records, driver and attendant records, and trip logs for a five-year period;

r.      Plaintiffs are paid based on the length of a trip;

s.      Defendant can fire Plaintiffs with 60 days' notice, prohibit Plaintiffs from providing transportation services for failing to comply with "minimum" qualifications, and otherwise reserves the right to disallow performing transportation services; and

t.      Plaintiffs agree to complete specific jobs, are responsible for satisfactory completion of the jobs, and suffer consequences for failure to meet Defendant's expectations regarding completion of the jobs.

**ANSWER:  Defendant denies each and every allegation set forth in Paragraph 34, including all allegations contained in subparts (a)-(t).**

**<u>Defendant Fails to Pay Plaintiffs Minimum Wage and Overtime</u>**

35.      Defendant pays Plaintiffs based on medical transportation trips performed. The distance driven dictates how much Plaintiffs are reimbursed for each trip.

13

**ANSWER:  Defendant generally admits it pays Transportation Providers based on mileage driven for trips performed, but denies it reimbursed individuals like Plaintiff directly.  Instead, Defendant contracts with Transportation Providers who are typically businesses that, in turn, hire or contract with individuals to drive patients to and from medical appointments.  Transportation Providers directly pays those drivers, like Plaintiff, for services performed.  Defendant denies any remaining allegations in Paragraph 35.**

36.     Defendant does not pay Plaintiffs for any time they spend waiting to pick up patients, nor does it pay them for any time they spend on administrative work such as completing daily trip logs.

**ANSWER:  Defendant denies it paid Plaintiff any money directly.  Defendant has no knowledge as to what the Transportation Provider that Plaintiff contracted with and/or was hired by paid him and, thus, denies the allegations set forth in Paragraph 36.**

37.     Defendant also does not pay Plaintiffs for hours worked in excess of 40 per week.

**ANSWER:  Defendant denies it paid Plaintiff any money directly.  Defendant has no knowledge as to what Transportation Provider that Plaintiff contracted with and/or was hired by paid him and, thus, denies the allegations set forth in Paragraph 37.**

38.     Defendant does not reimburse Plaintiffs for the expenses that they incur transporting patients for the primary benefit of Defendant. Defendant's systematic failure to reimburse constitutes a "kickback" to Defendant such that the wages it pays Plaintiffs are not paid free and clear of all outstanding obligations to Defendant.

**ANSWER:  Defendant denies it paid Plaintiff any money directly.  Defendant has no knowledge as to what the Transportation Provider that Plaintiff contracted with and/or was hired by paid him and, thus, denies the allegations set forth in Paragraph 38.**

39. Plaintiff Farah worked approximately 90 hours per week, about 6 hours of which were spent doing administrative tasks and another 6 hours of which were spent waiting for transportees. On average, Defendant paid Plaintiff gross revenues of approximately $3,653.85 per week. But Plaintiff's expenses, which included items such as fuel, insurance, and maintenance, averaged approximately $3,153.85 per week. Thus, Plaintiff's average net pay was $500.00 per week, which equates to an average hourly rate of only $5.56 per hour.

**ANSWER: Defendant denies the allegations set forth in Paragraph 39.**

40. The federal minimum wage has been $7.25 per hour since July 24, 2009.

**ANSWER: Paragraph 40 states a legal conclusion to which no response is required.**

41. The Missouri minimum wage was $7.85 per hour in 2018, $8.60 per hour in 2019, and is $9.45 per hour in 2020.

**ANSWER: Paragraph 41 states a legal conclusion to which no response is required.**

42. Defendant's treatment of Plaintiffs as independent contractors causes lost wages, additional tax burdens, insurance obligations, and a variety of other compensable harm.

**ANSWER: Defendant denies the allegations set forth in Paragraph 42.**

43. Defendant, by itself, and by requiring Plaintiffs to incur expenses that are primarily for the benefit of Defendant, charges Plaintiffs by making deductions on invoices for things like training materials and credentialing services and exacting additional profits from them.

**ANSWER: Defendant denies the allegations set forth in Paragraph 43.**

44. All transportation providers classified as independent contractors by Defendant had similar experiences to those of Plaintiff Farah. They received similar pay, they incurred similar expenses, and Defendant failed to pay them their wages free and clear.

**ANSWER: Defendant denies the allegations set forth in Paragraph 44.**

45.    Defendant's failure to pay Plaintiffs the proper wages required by law is willful.

**ANSWER:  Defendant denies the allegations set forth in Paragraph 45.**

46.    Defendant's unlawful conduct as set forth herein is and has been intentional, willful, and in bad faith, and it has caused significant damages to Plaintiffs.

**ANSWER:  Defendant denies the allegations set forth in Paragraph 46.**

47.    Defendant is aware or should be aware that the law required it to pay Plaintiffs minimum wages and overtime for each workweek, and that Defendant could not deduct its overhead expenses from its misclassified employees.

**ANSWER:  Defendant denies the allegations set forth in Paragraph 47.**

## CLASS AND COLLECTIVE ACTION ALLEGATIONS

48.    Plaintiff brings Counts I-II as an "opt-in" collective action on behalf of himself and similarly situated transportation providers pursuant to 29 U.S.C. § 216 (b).

**ANSWER:  Defendant admits Plaintiff purports to bring this action as a collective action on behalf of himself and a proposed class.  Defendant denies that collective or class treatment of Plaintiff's claims is proper and denies that Plaintiff and/or the individuals he purports to represent are entitled to any relief whatsoever in this action.  Except as expressly admitted herein, Defendant denies the remaining allegations in Paragraph 48.**

49.    Specifically, Plaintiff brings Counts I-II on behalf of himself and as the Class Representative of the following persons (the "FLSA Class"):

> All current and former transportation providers who were issued 1099 payments for providing non-emergency medical transportation services for Defendant in the United States, within three years of the commencement of this action.

**ANSWER:  Defendant admits Plaintiff purports to bring this action on behalf of himself and a proposed class identified in the Complaint as the "FLSA Class."  Defendant**

denies that collective or class treatment of Plaintiff's claims is proper and denies Plaintiff and/or the individuals he purports to represent are entitled to any relief whatsoever in this action. Except as expressly admitted herein, Defendant denies the remaining allegations in Paragraph 49.

50. This claim may be pursued by those who opt into this case pursuant to § 216 (b).

**ANSWER: The allegation in Paragraph 50 states a legal conclusion to which no response is required. To the extent a response is required, Defendant denies there is any legal basis for collective treatment of Plaintiff's claims and denies any remaining allegations in Paragraph 50.**

51. Plaintiff, individually and on behalf of other similarly situated transportation providers, seeks relief on a collective basis challenging Defendant's practice of failing to pay employees federal minimum wage and overtime. The number and identity of other Plaintiffs yet to opt-in may be ascertained from Defendant's records, and potential Plaintiffs may be notified of the pendency of this action via mail and email.

**ANSWER: Defendant admits Plaintiff purports to bring this action on behalf of himself and a proposed class identified in the Complaint as the "FLSA Class." Defendant denies that collective or class treatment of Plaintiff's claims is proper and denies Plaintiff and/or the individuals he purports to represent are entitled to any relief whatsoever in this action. Except as expressly admitted herein, Defendant denies the remaining allegations in Paragraph 51.**

52. Plaintiff and all of Defendant's transportation providers who were issued 1099 payments for providing non-emergency medical transportation services for Defendant are similarly situated in that:

a.    They have worked as transportation providers for Defendant;

b.    They have all been paid via 1099 payments for their work;

c.    They have transported patients using vehicles not owned or maintained by Defendant;

d.    They have been classified as independent contractors;

e.    They have incurred costs and expenses while transporting patients for the primary benefit of Defendant;

f.    They have been subject to similar pay rates; and

g.    They have been subject to the same policy of failing to pay for all time worked, failing to pay overtime, and failing to reimburse for business expenses.

**ANSWER:  Paragraph 52 states a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 52, including all allegations contained in subparts (a)-(g), and expressly denies there is any legal basis for collective treatment of Plaintiff's claims.**

53.    Plaintiff brings Counts III-V as a class action pursuant to Fed. R. Civ. P. 23, on behalf of himself and as the Class Representative of the following persons (the "Wage Class"):

> All current and former transportation providers who were issued 1099 payments for providing non-emergency medical transportation services for Defendant in the United States, within five years of the commencement of this action.

**ANSWER:  Defendant admits Plaintiff purports to bring this action on behalf of himself and a proposed class identified in the Complaint as the "Wage Class."  Defendant denies that collective or class treatment of Plaintiff's claims is proper and denies Plaintiff and/or the individuals he purports to represent are entitled to any relief whatsoever in this**

action.  **Except as expressly admitted herein, Defendant denies the remaining allegations in Paragraph 53.**

54.     Counts III-V, if certified for class-wide treatment, are brought on behalf of all similarly situated persons who do not opt-out of the Class.

**ANSWER:  Defendant admits Plaintiff purports to bring this action on behalf of himself and a proposed class identified in the Complaint as the "Wage Class."  Defendant denies that collective or class treatment of Plaintiff's claims is proper and denies Plaintiff and/or the individuals he purports to represent are entitled to any relief whatsoever in this action.  Except as expressly admitted herein, Defendant denies the remaining allegations in Paragraph 54.**

55.     Plaintiff's state law claims asserted in Counts 111-V satisfy the numerosity, commonality, typicality, adequacy, predominance and superiority requirements of a class action pursuant to Fed. R. Civ. P. 23.

**ANSWER:  Paragraph 55 states a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 55 and expressly denies there is any legal basis for class treatment of Plaintiff's claims.**

56.     Numerosity: On information and belief, there are hundreds of individuals who provide transportation services for Defendant in the State of Missouri, satisfying the numerosity requirement.

**ANSWER:  Paragraph 56 states a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 56 and expressly denies there is any legal basis for class treatment of Plaintiff's claims.**

57.     Common questions of law or fact: There are several questions of law or fact common to the Class, including, but not limited to:

a.     Whether Defendant's classification of Plaintiffs as independent contractors is lawful;

b.     The standard for determining whether Defendant is an employer;

c.     Whether Defendant improperly shifted its business expenses to Plaintiffs; and

d.     Whether Defendant was unjustly enriched by the acts and omissions complained of herein.

**ANSWER:  Paragraph 57 states a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 57, including all allegations contained in subparts (a)-(d) and expressly denies there is any legal basis for class treatment of Plaintiff's claims.**

58.     Typicality: A class action is appropriate because Plaintiff's claims are typical of the claims of the Class he seeks to represent. Plaintiff and Class Members work or have worked for Defendant, were issued 1099 payments from Defendant for their work, and have been subjected to common classification as independent contractors and policies regarding pay.

**ANSWER:  Paragraph 58 states a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 58 and expressly denies there is any legal basis for class treatment of Plaintiff's claims.**

59.     Adequacy of Class Representative: Plaintiff has pledged to protect the interests of the Class and has been fairly chosen to do so.

**ANSWER: Paragraph 59 states a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 59 and expressly denies there is any legal basis for class treatment of Plaintiff's claims.**

60.     Adequacy of Class Counsel: Plaintiff's counsel have litigated and certified a substantial number of class and collective action cases, including cases involving independent contractor misclassification.

**ANSWER: Paragraph 60 states a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 60 and expressly denies there is any legal basis for class treatment of Plaintiff's claims.**

61.     A class action is appropriate because the prosecution of separate actions by individual class members would create a risk of inconsistent or varying adjudications with respect to individual class members and establish incompatible standards of conduct.

**ANSWER: Paragraph 61 states a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 61 and expressly denies there is any legal basis for class treatment of Plaintiff's claims.**

62.     A class action is appropriate because Defendant has acted on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

**ANSWER: Paragraph 62 states a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 62 and expressly denies there is any legal basis for class treatment of Plaintiff's claims.**

63.     A class action is appropriate in that questions of law or fact common to the class predominate over any questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

**ANSWER:  Paragraph 63 states a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 63 and expressly denies there is any legal basis for class treatment of Plaintiff's claims.**

## COUNT I - VIOLATION OF FLSA - MINIMUM WAGE

64.     Plaintiff hereby incorporates all relevant allegations of the foregoing paragraphs as though fully set forth herein.

**ANSWER:  Defendant adopts and incorporates its answers and responses to all prior paragraphs as though fully set forth herein.**

65.     At all relevant times herein, Plaintiff and all other similarly situated transportation providers in the FLSA Class have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. §§ 201 *et seq*.

**ANSWER:  Defendant denies the allegations set forth in Paragraph 65.**

66.     Plaintiffs were employed by Defendant. During the relevant time frame, Plaintiffs performed work for Defendant as employees and are properly classified as employees.

**ANSWER:  Defendant denies the allegations set forth in Paragraph 66.**

67.     Section 13 of the FLSA, 29 U.S.C. § 13, exempts certain categories of employees from federal minimum wage obligations, but none of the FLSA exemptions apply to Plaintiff or other similarly situated transportation providers.

**ANSWER: Paragraph 67 states a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 67 and expressly denies there is any legal basis for collective treatment of Plaintiff's claims.**

68. The FLSA regulates, among other things, the payment of minimum wage by employers whose employees are engaged in interstate commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. § 206(a).

**ANSWER: Paragraph 68 states a legal conclusion to which no response is required. To the extent a response is required, Defendant states the FLSA speaks for itself. Defendant denies any remaining allegations in Paragraph 68.**

69. Defendant is subject to the FLSA's minimum wage requirements because it is an enterprise engaged in interstate commerce, and its employees are engaged in interstate commerce.

**ANSWER: Paragraph 69 states a legal conclusion to which no response is required. To the extent a response is required, Defendant admits it is subject to the FLSA's minimum wage requirements for its non-exempt employees, but denies any remaining allegations in Paragraph 69.**

70. Under section 6(a) of the FLSA, 29 U.S.C. § 206(a), employees have been entitled to be compensated at a rate of at least $7.25 per hour since July 24, 2009.

**ANSWER: Paragraph 70 states a legal conclusion to which no response is required. To the extent this paragraph seeks to imply Plaintiff was an employee of Defendant, Paragraph 70 is denied.**

71. As alleged herein, Plaintiffs' hours worked and expenses incurred for the primary benefit of Defendant have caused Plaintiffs' wages to fall beneath the federal minimum wage.

**ANSWER: Defendant denies the allegations set forth in Paragraph 71.**

72.     Defendant knew or should have known that its pay and deduction policies, practices, and methodologies would result in failure to compensate transportation providers at the federal minimum wage.

**ANSWER: Defendant denies the allegations set forth in Paragraph 72.**

73.     Defendant, pursuant to its policies and practices, violated the FLSA, and continues to violate the FLSA, by refusing and failing to pay federal minimum wage to Plaintiff and other similarly situated transportation providers.

**ANSWER: Defendant denies the allegations set forth in Paragraph 73.**

74.     Plaintiff and all similarly situated transportation providers are victims of a uniform and employer-based compensation policy. This uniform policy, in violation of the FLSA, has been applied, and continues to be applied, to all Defendant's transportation providers who Defendant misclassified as independent contractors and were issued 1099 payments for providing non-emergency medical transportation services for Defendant.

**ANSWER: Defendant denies the allegations set forth in Paragraph 74.**

75.     Plaintiff and all similarly situated employees are entitled to damages equal to the minimum wage less actual wages received, after expenses, within three years from the date each Plaintiff joins this case, plus periods of equitable tolling, because Defendant acted willfully and knew, or showed reckless disregard for, whether its conduct was unlawful. Defendant has acted neither in good faith nor with reasonable grounds to believe that its actions and omissions were not a violation of the FLSA, and as a result, Plaintiff and other similarly situated transportation providers are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid minimum wages under 29 U.S.C. § 216(b). Alternatively, should the Court find

Defendant acted in good faith and with reasonable grounds to believe its actions were lawful, Plaintiff and all similarly situated employees are entitled to an award of prejudgment interest at the applicable legal rate.

**ANSWER: Defendant denies the allegations set forth in Paragraph 75.**

## COUNT II - VIOLATION OF FLSA - OVERTIME

76.     Plaintiff hereby incorporates all relevant allegations of the foregoing paragraphs as though fully set forth herein.

**ANSWER: Defendant adopts and incorporates its answers and responses to all prior paragraphs as though fully set forth herein.**

77.     At all relevant times herein, Plaintiff and all other similarly situated transportation providers in the FLSA Class have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. §§ 201 *et seq.*

**ANSWER:   Paragraph 77 states a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 77 and expressly denies there is any legal basis for collective treatment of Plaintiff's claims.**

78.     Plaintiffs were employed by Defendant. During the relevant time frame, Plaintiffs performed work for Defendant as employees and are properly classified as employees.

**ANSWER: Defendant denies the allegations set forth in Paragraph 78.**

79.     Section 13 of the FLSA, 29 U.S.C. § 13, exempts certain categories of employees from federal minimum wage obligations, but none of the FLSA exemptions apply to Plaintiff or other similarly situated transportation providers.

**ANSWER: Paragraph 79 states a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 79 and expressly denies there is any legal basis for collective treatment of Plaintiff's claims.**

80. The FLSA regulates, among other things, the payment of overtime compensation by employers whose employees are engaged in interstate commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. § 206(a).Defendant is subject to the FLSA's overtime requirements because it is an enterprise engaged in interstate commerce, and its employees are engaged in interstate commerce.

**ANSWER: Paragraph 80 states a legal conclusion to which no response is required. To the extent a response is required, Defendant admits it is subject to the FLSA's overtime requirements for its non-exempt employees, but denies any remaining allegations in Paragraph 80.**

81. Under section 7 of the FLSA, 29 U.S.C. § 207, employees are entitled to be compensated at a rate not less than one and one-half times the regular rate of pay for hours worked over 40 per workweek.

**ANSWER: Paragraph 81 states a legal conclusion to which no response is required. To the extent this paragraph seeks to imply Plaintiff was an employee of Defendant, Paragraph 81 is denied.**

82. As alleged herein, Defendant did not compensate Plaintiffs for all hours worked, including time spent waiting to pick up patients and performing administrative tasks, let alone hours worked over 40 per workweek, which regularly resulted in failure to pay Plaintiffs overtime.

**ANSWER: Defendant denies the allegations set forth in Paragraph 82.**

83.     Defendant knew or should have known that its pay policies, practices, and methodologies result in failure to pay transportation providers overtime.

**ANSWER:  Defendant denies the allegations set forth in Paragraph 83.**

84.     Defendant, pursuant to its policies and practices, violated the FLSA, and continues to violate the FLSA, by refusing and failing to pay overtime to Plaintiff and other similarly situated transportation providers.

**ANSWER:  Defendant denies the allegations set forth in Paragraph 84.**

85.     Plaintiff and all similarly situated transportation providers are victims of a uniform and employer-based compensation policy. This uniform policy, in violation of the FLSA, has been applied, and continues to be applied, to all Defendant's transportation providers who Defendant misclassified as independent contractors and contracted with Defendant to provide transportation services.

**ANSWER:  Defendant denies the allegations set forth in Paragraph 85.**

86.     Plaintiff and all similarly situated employees are entitled to damages equal to overtime pay for all hours worked over 40 per workweek, within three years from the date each Plaintiff joins this case, plus periods of equitable tolling, because Defendant acted willfully and knew, or showed reckless disregard for, whether its conduct was unlawful.

**ANSWER:  Defendant denies the allegations set forth in Paragraph 86.**

87.     Defendant has acted neither in good faith nor with reasonable grounds to believe that its actions and omissions were not a violation of the FLSA, and as a result, Plaintiff and other similarly situated transportation providers are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime under 29 U.S.C. § 216(b). Alternatively, should the Court find Defendant acted in good faith and with reasonable grounds to believe its

actions were lawful, Plaintiff and all similarly situated employees are entitled to an award of prejudgment interest at the applicable legal rate.

**ANSWER: Defendant denies the allegations set forth in Paragraph 87.**

## COUNT III - VIOLATION OF MMWL — MINIMUM WAGE

88.    Plaintiff hereby incorporates all relevant allegations of the foregoing paragraphs as though fully set forth herein.

**ANSWER: Defendant adopts and incorporates its answers and responses to all prior paragraphs as though fully set forth herein.**

89.    At all relevant times herein, Plaintiff and all other similarly situated transportation providers in the Wage Class have been entitled to the rights, protections, and benefits provided under the MMWL, R.S.Mo. §§ 290.500 *et seq.*

**ANSWER: Paragraph 89 states a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 89 and expressly denies there is any legal basis for class treatment of Plaintiff's claims.**

90.    Plaintiffs were employed by Defendant. During the relevant time frame, Plaintiffs performed work for Defendant as employees and are properly classified as employees.

**ANSWER: Defendant denies the allegations set forth in Paragraph 90.**

91.    Defendant issued 1099 payments to Plaintiffs residing in Missouri and around the country.

**ANSWER: Defendant denies it issued any 1099 payments to Plaintiff individually, and further states Defendant only issues 1099 payments to Transportation Providers that it contracts with. Defendant denies any remaining allegations set forth in Paragraph 91.**

92.     None of the MMWL exemptions apply to Plaintiff or other similarly situated transportation providers.

**ANSWER:  Defendant denies the allegations set forth in Paragraph 92.**

93.     The MMWL regulates, among other things, the payment of minimum wage by employers to Missouri employees. R.S.Mo. § 290.502.

**ANSWER:  Paragraph 93 states a legal conclusion to which no response is required. To the extent a response is required, Defendant states the MMWL speaks for itself.**

94.     Defendant is subject to the MMWL's requirements since it is not a retail or service business whose annual gross sales are less than $500,000.00.

**ANSWER:  Paragraph 94 states a legal conclusion to which no response is required. To the extent a response is required, Defendant admits it is subject to the MMWL's requirements for its non-exempt employees, but denies any remaining allegations in Paragraph 94.**

95.     Under the MMWL, Missouri employees have been entitled to be compensated at a rate of at least $7.85 per hour in 2018, $8.60 per hour in 2019, and $9.45 per hour in 2020. R.S.Mo. § 290.502.

**ANSWER:  Paragraph 95 states a legal conclusion to which no response is required.**

96.     As alleged herein, Plaintiffs' hours worked and expenses incurred for the primary benefit of Defendant caused the wages of Plaintiff and all other similarly situated transportation providers in the Wage Class to fall beneath the Missouri minimum wage.

**ANSWER:  Defendant denies the allegations set forth in Paragraph 96.**

97. Defendant, pursuant to its policies and practices, violated the MMWL, and continues to violate the MMWL, by refusing and failing to pay Missouri minimum wage to Plaintiff and other similarly situated transportation providers in the Wage Class.

**ANSWER: Defendant denies the allegations set forth in Paragraph 97.**

98. Plaintiff and all similarly situated transportation providers in the Wage Class are victims of a uniform and employer-based compensation and deduction policy. This uniform policy, in violation of the MMWL, has been applied, and continues to be applied, to all Defendant's transportation providers in Missouri who Defendant misclassified as independent contractors and were issued 1099 statements for providing non-emergency medical transportation services.

**ANSWER: Defendant denies the allegations set forth in Paragraph 98.**

99. Plaintiff and all similarly situated employees in the Wage Class are entitled to damages equal to the full amount of the wage rate minus actual wages received, after expenses, and an additional amount equal to twice the unpaid wages as liquidated damages, within two years from the date Plaintiff filed this lawsuit, plus periods of equitable tolling. § 290.527.

**ANSWER: Defendant denies the allegations set forth in Paragraph 99.**

## COUNT IV — VIOLATION OF MMWL — UNPAID TIME AND OVERTIME

100. Plaintiff hereby incorporates all relevant allegations of the foregoing paragraphs as though fully set forth herein.

**ANSWER: Defendant adopts and incorporates its answers and responses to all prior paragraphs as though fully set forth herein.**

101. At all relevant times herein, Plaintiff and all other similarly situated transportation providers in the Wage Class have been entitled to the rights, protections, and benefits provided under the MMWL, R.S.Mo. §§ 290.500 *et seq*.

**ANSWER:  Paragraph 101 states a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 101 and expressly denies there is any legal basis for class treatment of Plaintiff's claims.**

102.    Plaintiffs were employed by Defendant. During the relevant time frame, Plaintiffs performed work for Defendant as employees and are properly classified as employees.

**ANSWER:  Defendant denies the allegations set forth in Paragraph 102.**

103.    Defendant contracted with Plaintiffs from Missouri.

**ANSWER:  Defendant denies it contracted with Plaintiff individually, and further states it only contracts with Transportation Providers.  Defendant denies any remaining allegations in Paragraph 103.**

104.    None of the MMWL exemptions apply to Plaintiff or other similarly situated transportation providers.

**ANSWER:  Defendant denies the allegations set forth in Paragraph 104.**

105.    The MMWL regulates, among other things, the payment of all time worked and overtime by employers to Missouri employees. R.S.Mo. § 290.505.

**ANSWER:  Paragraph 105 states a legal conclusion to which no response is required. To the extent a response is required, Defendant states the MMWL speaks for itself.**

106.    Defendant is subject to the MMWL's requirements since it is not a retail or service business whose annual gross sales are less than $500,000.00.

**ANSWER:  Paragraph 106 states a legal conclusion to which no response is required. To the extent a response is required, Defendant admits it is subject to the MMWL's requirements for its non-exempt employees, but denies any remaining allegations in Paragraph 106.**

107.     Under the MMWL, Missouri employees have been entitled to be compensated at a rate of not less than one and one-half times the regular rate at which they are employed for hours worked in excess of 40 per workweek. R.S.Mo. § 290.505.

**ANSWER:  Paragraph 107 states a legal conclusion to which no response is required. To the extent a response is required, Defendant states the MMWL speaks for itself.**

108.     As alleged herein, Defendant did not compensate Plaintiffs for all hours worked, including time spent waiting to pick up patients and performing administrative tasks, let alone hours worked in excess of 40 per workweek, which regularly resulted in failure to pay Plaintiff and all other similar situated transportation providers in the Wage Class overtime under Missouri law.

**ANSWER:  Defendant denies the allegations set forth in Paragraph 108.**

109.     Defendant, pursuant to its policies and practices, violated the MMWL, and continues to violate the MMWL, by refusing and failing to pay for all time worked and overtime to Plaintiff and other similarly situated transportation providers in the Wage Class.

**ANSWER:  Defendant denies the allegations set forth in Paragraph 109.**

110.     Plaintiff and all similarly situated transportation providers in the Wage Class are victims of a uniform and employer-based compensation policy. This uniform policy, in violation of the MMWL, has been applied, and continues to be applied, to all Defendant's transportation providers in Missouri who Defendant misclassified as independent contractors and issued 1099 payments for providing non-emergency medical transportation services.

**ANSWER:  Defendant denies the allegations set forth in Paragraph 110.**

111.     Plaintiff and all similarly situated employees in the Wage Class are entitled to damages equal to their overtime pay, and an additional amount equal to twice the unpaid wages as

liquidated damages, within two years from the date Plaintiff filed this lawsuit, plus periods of equitable tolling. § 290.527.

**ANSWER: Defendant denies the allegations set forth in Paragraph 111.**

<u>**COUNT V-UNJUST ENRICHMENT**</u>

112.    Plaintiff hereby incorporates all relevant allegations of the foregoing paragraphs as though fully set forth herein.

**ANSWER: Defendant adopts and incorporates its answers and responses to all prior paragraphs as though fully set forth herein.**

113.    Plaintiff and all similarly situated employees in the Wage Class were required to have vehicles that were in working order to perform their job duties for Defendant, as well as safety equipment, insurance, workers' compensation, and otherwise pay for payroll taxes, accounting and legal services, gas, repairs, and maintenance in support of their effort to transport patients for Defendant. Defendant did not reimburse them for the cost of the vehicles, maintenance of the vehicles, equipment they purchased, and/or expenses they incurred for the primary benefit of Defendant.

**ANSWER: Defendant denies the allegations set forth in Paragraph 113 and expressly denies there is any legal basis for class treatment of Plaintiff's claims.**

114.    Plaintiff and all similarly situated employees in the Wage Class were employees of Defendant. As such, they should have been reimbursed for all reasonable expenses they incurred in the performance of their required job duties. Defendant was unjustly enriched by not having to pay for the vehicles, vehicle maintenance, equipment, and/or other expenses that were incurred for its benefit.

33

**ANSWER: Defendant denies the allegations set forth in Paragraph 114 and expressly denies there is any legal basis for class treatment of Plaintiff's claims.**

115.    It would be inequitable and unjust for Defendant to retain these wrongfully retained business expenses.

**ANSWER: Defendant denies the allegations set forth in Paragraph 115.**

116.    Defendant's retention of these wrongfully-retained expenses would violate the fundamental principles of justice, equity, and good conscience.

**ANSWER: Defendant denies the allegations set forth in Paragraph 116.**

117.    Plaintiff and the Wage Class are entitled to restitution of the profits unjustly obtained by Defendant, plus interest.

**ANSWER: Defendant denies the allegations set forth in Paragraph 117.**

## DEFENDANT'S GENERAL DENIAL

To the extent not expressly admitted herein, Defendant denies all of the allegations in Plaintiff's Amended Collective and Class Action Complaint.

## DEFENSES AND AFFIRMATIVE DEFENSES

Without assuming any burden of proof that by law is not otherwise Defendant's, Defendant asserts the following defenses:

1.    Plaintiff's Amended Collective and Class Action Complaint should be dismissed because it fails to state a claim upon which relief can be granted.

2.    Plaintiff's claims and the claims of the individuals he purports to represent are barred in whole or in part by the applicable statute of limitations.

3.    This Court lacks subject matter jurisdiction over some or all of the claims in Plaintiff's Amended Collective and Class Action Complaint.

4. This Court lacks personal jurisdiction over the individuals Plaintiff claims to represent who reside outside of Missouri.

5. Plaintiff's Amended Collective and Class Action Complaint and each and every purported claim alleged therein brought on a collective, class, or representative basis cannot be maintained as a collective, class, or representative action, or as an action for individual recovery, because the named Plaintiff and/or the putative class members Plaintiff purports to represent are required to individually submit their claims to mandatory final and binding arbitration under arbitration agreements covering their purported claims.

6. Defendant at all times acted in good faith, with the reasonable belief that it complied with the law.

7. Defendant did not willfully, or with reckless disregard, deprive Plaintiff of any compensation. Thus, the FLSA's two-year statute of limitation should apply to this action.

8. Defendant did not employ Plaintiff and/or the individuals he seeks to represent as defined under 29 U.S.C. § 203.

9. Plaintiff and the individuals he purports to represent were independent contractors and not employees under applicable state and federal law.

10. Plaintiff is estopped from pursuing the claims set forth in the Amended Collective and Class Action Complaint by reason of his own acts, omissions, and course of conduct, including, but not limited to, his fraudulent conduct.

11. Plaintiff has waived his right, if any, to pursue the claims in the Amended Collective and Class Action Complaint, and each purported cause of action contained therein, by reason of his own acts, omissions, and course of conduct.

12.     Plaintiff is barred from pursuing some, or all, of his claims or remedies by the doctrine of laches and/or unclean hands.

13.     Plaintiff is precluded from recovering any amounts from Defendant because he engaged in fraudulent conduct against Defendant.

14.     Plaintiff is precluded from recovering any amounts from Defendant because Defendant has paid him all sums legally due. Defendant has properly paid Plaintiff for all compensable work he has performed.

15.     Without admitting that any violations of the FLSA or state wage and hour laws have occurred, the *de minimis* rule applies to any such alleged violations.

16.     All or part of the time for which Plaintiff and/or the individuals he purports to represent does not constitute compensable working time within the meaning of the FLSA and/or Missouri state law or regulations.

17.     Plaintiff may not recover liquidated damages because (i) Defendant (including its officers, managers, and agents) acted reasonably and in good faith and did not commit any willful violation of any of the provisions of the FLSA or any state law; (ii) Defendant (including its officers, managers and agents) did not authorize or ratify any willful violation with respect to Plaintiff; and (iii) Plaintiff has failed to plead facts sufficient to support recovery of such damages.

18.     The Complaint is barred in whole, or in part, by § 10 of the Portal-to-Portal Act, 29 U.S.C. § 259 because Defendant relied in good faith on, and acted in conformity with, written interpretations of the FLSA promulgated by the Secretary of Labor and on the stated administrative practices and enforcement policies of the Department of Labor.

19.     Should the Court certify this matter as a collective and/or class action, Defendant reasserts each of these affirmative defenses with respect to each class member or person filing a consent to join this action.

20.     Defendant presently has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, affirmative or other defenses available. Defendant reserves herein the right to assert additional defenses in the event that discovery indicates they would be appropriate.

WHEREFORE, Defendant requests that the Court dismiss Plaintiff's Amended Collective and Class Action Complaint, enter judgment in Defendant's favor and against Plaintiff, award Defendant its attorneys' fees and costs, and for any further relief the Court deems just and proper.

Respectfully submitted,

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

/s/ Justin M. Dean
Justin M. Dean MO #48647
Darin P. Shreves, MO #64153
4520 Main Street Suite 400
Kansas City, MO  64111
816.471.1301
816.471.1303 (*Facsimile*)
justin.dean@ogletree.com
darin.shreves@ogletree.com

**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

The undersigned certifies that on the 12th day of January 2021, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following:

Patrick G. Reavey    MO #47365
Kevin C. Koc    MO #56955
REAVEY LAW LLC
Livestock Exchange Building
1600 Genessee, Suite 303
Kansas City, MO 64102
816.474.6300
816.474.6302 (*Facsimile*)
preavey@reaveylaw.com
kkoc@reaveylaw.com

Jack McInnes    MO #56904
Ben Ashworth    MO #67933
Robert Wasserman
MCINNES LAW LLC
1900 W. 75th St., Suite 220
Prairie Village, KS 66208
913.220.2488
913.273.1671 (Facsimile)
jack@mcinnes-law.com
ben@mcinnes-law.com
rob@mcinnes-law.com

**ATTORNEYS FOR PLAINTIFF**

/s/ Justin M. Dean
**ATTORNEY FOR DEFENDANT**

45586231.1